KARL NATHAN, Plaintiff, *v.* THE EQUITABLE TRUST COMPANY and Others, Defendants.

Supreme Court, New York County, May 2, 1927.

**Limitation of actions — period of computation — Civil Practice Act, § 27, permitting time during continuance of war disability to be subtracted from time limit for commencement of action is not limited by section 28, providing that disability must exist when right accrues.**

Section 27 of the Civil Practice Act which permits a person, disabled to sue in the courts of this State by reason of being an alien citizen of a country at war with this country, to subtract the time of the continuance of the disability from the time limited for the commencement of the action is not affected by the provisions of section 28 of the Civil Practice Act requiring the existence of the disability when the right of action accrues.

Accordingly, plaintiff, who, as a citizen of Germany during the World war, was precluded from commencing this action, is not now barred from prosecuting said action, to which the six-year Statute of Limitations is applicable, though it appears that the action accrued a month before this country declared war on Germany.

MOTION by certain defendants to dismiss complaint pursuant to rule 107 of the Rules of Civil Practice.

*David L. Sprung [Borris M. Komar* of counsel], for the plaintiff.

*Greenbaum, Wolff & Ernst [Edward S. Greenbaum* and *Jonas J. Shapiro* of counsel], for the defendant Asiel & Co.

TIERNEY, J. This is a motion made under subdivision 6 of rule 107 of the Rules of Civil Practice, for judgment dismissing the complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. It is conceded that the period of limitation applicable to this action is six years. The motion presents the question of whether section 27 of the Civil Practice Act is limited by section 28 thereof. From April 6, 1917, to July 2, 1921, a state of war existed between this country and Germany, and during that time the plaintiff was a citizen of the latter country and was barred from bringing or prosecuting any action in our courts. If this period of something over four years is subtracted from the period between the time when the plaintiff's cause of action accrued and the time of the commencement of the action there is an interval of less than six years. Section 27 provides that where a person is disabled to sue in the courts of this State by reason of being an alien citizen of a country at war with the United States, the time of the continuance of the disability is not a part of the time limited for the commencement of the action. This provision is so clear and complete and specific that there does not seem to be room for doubt as to its meaning and application, but the defendants contend that under section 28 the plaintiff cannot avail himself of this provision unless the war had commenced when his right of action accrued. Such a construction would lead to an incongruous result. In this case the cause of action did not accrue before less than a month anterior to the commencement of the war. The plaintiff in Germany had little opportunity to learn of the facts and commence his action in this period. Thereafter for over four years he had no opportunity to assert his rights. If the war had lasted for six years instead of four as it did between some of the belligerents the plaintiff would have been barred from bringing any action because of his failure to do so during a period in which the law prevented him. My construction of section 27 is that it is a separate provision which by its terms is applicable to every case, and that any limitation in other parts of the article do not apply to it. The motion is accordingly denied.